UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TIMOTHY HYDE EASLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-CV-167-RLW |
| ) | |
| JEFFREY D. MCCORMICK, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Timothy Hyde Easley for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and plaintiff's certified inmate account statement, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will waive the initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint on initial review.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an application to proceed in district court without prepaying fees or costs and a certified prison account statement. Based on this financial information, the Court will not assess an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

## Legal Standard on Initial Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Tabor*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper

-2-

legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## The Complaint

Plaintiff's brings this 42 U.S.C. § 1983 action against defendant Jeffery D. McCormick, the prosecuting attorney for Dunklin County. Plaintiff states, in part:

> I was violated of my due process to file 180 writ. I was incarcerated at Southeast Correctional Center and tried to file the writ several times through the records office. Every time I was told I could not file 180 writ because I had no detainers pending. I wrote the prosecuting attorney for Dunklin County (Jeffery D. McCormick) two letters, requesting he allow me the due process. I have filed some motion to ask if he would file the detainer. No response. Upon my 12/12 date from Southeast Correctional Center I was detained and placed in a padded cell until the following morning. Then I was transferred to Mississippi County Jail for 24 hours until Dunklin County come to get me. Now I sit here with 10 years sentence, because my attorney didn't want to fight for me.
>
> I am not real sure exactly when this case took place because I was never served a warrant. I was never read a violation or had any type of hearing while in the county jail when this case took place. I'm [going to] say that once some documents are subpoenaed I will be able to clarify exact times and dates. 2016 approximately.
>
> The denial of due process was at Eastern Reception Diagnostic Correctional Center, Southeast Correctional Center, and Dunklin County Jail.

For relief, plaintiff seeks four million dollars and to have his case expunged and dismissed from the record.

## Discussion

Based on a review of plaintiff's underlying criminal case, *State v. Easley*, No. 16DU-CR1001-01 (Dunklin County), on October 24, 2017, plaintiff pled guilty to assault in the first degree or attempt, a felony under Revised Missouri Statue § 565.050. On that same date, plaintiff was sentenced to ten years' imprisonment, but the execution of the sentence was suspended, and plaintiff was placed on five years of supervised probation. On April 17, 2018, a warrant was issued for defendant's arrest on a probation violation. Plaintiff was served with the warrant by the Sheriff's Department of Dunklin County on April 18, 2018.

A probation revocation hearing was scheduled for April 19, 2018, but the hearing was rescheduled twice so that plaintiff could subpoena witnesses. On May 17, 2018, plaintiff appeared with counsel at his probation revocation hearing, and witnesses were called. The Court found defendant violated probation, revoked his probation, and sentenced him to ten years' imprisonment in the Missouri Department of Corrections. *Id.*

To the extent plaintiff is alleging the prosecuting attorney violated his due process rights, this allegation is wholly conclusory. "Civil rights pleadings should be construed liberally. At the very least, however, the complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). Plaintiff states that he wrote to defendant McCormick twice "requesting he allow me the due process." Plaintiff does not state what due process rights were violated. Nor does he alleged defendant McCormick did anything to violate these rights.

To the extent plaintiff is stating a claim for denial of "due process to file 180 writ," he is likely referring to Revised Missouri Statute § 217.450, otherwise known as the Uniform Detainer Law, which states:

**217.450. Offender may request final disposition of pending indictment, information or complaint, how requested—director to notify offender of pending actions, failure to notify, effect**

1. Any person confined in a department correctional facility may request a final disposition of an untried indictment, information or complaint pending in this state on the basis of which a law enforcement agency, prosecuting attorney's office, or circuit attorney's office has delivered a certified copy of a warrant and has requested that a detainer be lodged against him with the facility where the offender is confined. The request shall be in writing addressed to the court in which the indictment, information or complaint is pending and to the prosecuting attorney charged with the duty of prosecuting it, and shall set forth the place of imprisonment.

2. When the director receives a certified copy of a warrant and a written request by the issuing agency to place a detainer, the director shall lodge a detainer in favor of the requesting agency. The director shall promptly inform each offender in writing of the source and nature of any untried indictment, information or complaint for which a detainer has been lodged against him of which the director has knowledge, and of his right to make a request for final disposition of such indictment, information or complaint on which the detainer is based.

3. Failure of the director to comply with this section shall not be the basis for dismissing the indictment, information, or complaint unless the court also finds that the offender has been denied his or her constitutional right to a speedy trial.

Mo. Rev. Stat. § 217.450. The Uniform Detainer Law permits offenders in the custody of the Missouri Department of Corrections ("MODOC") to demand a trial on a pending charge and requires dismissal of the charge if the defendant is not brought to trial on the charge within 180 days after a proper demand for trial is filed. *See id.*; *see also* Mo. Rev. Stat. § 217.460 ("Within one hundred eighty days after the receipt of the request and certificate, pursuant to section[] 217.450 . . . the offender . . . shall be brought to trial.")

Plaintiff has not alleged any circumstance in which the Uniform Detainer Law would be applicable to his case, and the Court cannot find any. Furthermore, prosecuting attorneys may be entitled to either absolute or qualified immunity from civil liability under 42 U.S.C. § 1983 for actions undertaken pursuant to their official duties. "If the prosecutor is acting as advocate for

-5-

the state in a criminal prosecution, then the prosecutor is entitled to absolute immunity." *Brodnicki v. City of Omaha, Neb.*, 75 F.3d 1261, 1266 (8th Cir. 1996). "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Id.* Plaintiff's allegations against defendant McCormick, to the extent the Court can determine his claim, arise out of defendant McCormick's prosecutorial functions. Plaintiff has not alleged any facts that would cause the Court to find defendant McCormick took any actions outside his official duties. For this reason, defendant McCormick would be entitled to absolute immunity. *See Brodnicki*, 75 F.3d at 1266.

Because plaintiff's complaint is wholly conclusory and fails to allege any facts, which if proven would entitle plaintiff to relief, and because plaintiff has brought suit against an official entitled to absolute immunity, the Court finds plaintiff's complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). The Court will dismiss plaintiff's complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2] Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived.

**IT IS FURTHER ORDERED** that the institution having custody of plaintiff shall, whenever the amount in plaintiff's prison account exceeds $10.00, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States District Court for the Eastern District of Missouri Clerk's office, pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee of $350 is paid in full.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED**. [ECF No. 4]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 28th day of November, 2018.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE